THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. AUGUSTO ASENCIO TRINIDAD, Defendant and Appellant.

No. CR-66-302. Decided December 5, 1967.

*Rafael S. Fuentes Rivera* and *José Pérez Rodríguez* for appellant.
*J. B. Fernández Badillo*, Solicitor General, and *J. F. Rodrí-
guez Rivera*, Deputy Solicitor General, for The People.

PER CURIAM: Appellant was convicted by a jury of the crime of robbery. In this appeal he assigns: (1) That the trial court committed serious prejudicial errors in charging the jury; (2) That the evidence introduced was of such a vague, inaccurate, contradictory, and too improbable nature that it must have created a reasonable doubt in the mind of the jury; (3) That the court committed error in denying a motion for a new trial; and (4) That there was undue intervention at the trial on the part of the presiding judge and of the prosecuting attorney, all in prejudice of defendant's rights.

We have examined the record and the stenographic transcript of the oral proceedings and conclude that the evidence, as it was believed by the jury, is not of such improbable nature as to acquit the defendant.

We believe also that there was no error in the refusal to grant a new trial. The motion was based on newly discovered evidence and, according to the record, the evidence

could have been originally brought at the trial with some diligence.

■ As to the alleged undue intervention in the proceeding on the part of the Magistrate and of the prosecuting attorney, the record does not show an intervention to the point of depriving appellant of a fair and impartial trial.[1]

---

[1] Perhaps the incident, undesirable for being altogether unnecessary, was the following when the defense was cross-examining the principal witness for the prosecution: (Tr. Ev. 55)

"Q. Was Salvador with you and did you believe your aunt was angry?
A. I left immediately.
Q. Were you with Salvador when the aunt was complaining?
A. Yes, sir.
Q. And Hugo was then coming down?
A. Yes, sir.
Q. And he meets you?
A. He crossed my path.
Q. And it is then that he takes the club and hits don Salvador?
A. No, sir, later.
Q. Did he hit you first?
A. When I returned from the house he hit me and him also.
Q. When you returned from where?

JUDGE:—

From the house.

MR. PEDROZA:—

The Court, please excuse me.

JUDGE:—

Excuse me; I have the right to intervene. This is my courtroom, I direct the debates and conduct the proceedings, right or wrong, and if it is wrong you know what you can do but you cannot interrupt.

MR. PEDROZA:—

Your Honor it is not an interruption, to interrupt your Honor.

JUDGE:—

You are doing it colleague.

MR. PEDROZA:—

Now we are addressing Your Honor, it is not our intention to interrupt but we had not heard the witness. It escaped our notice that that would interrupt the Court and we apologize.

JUDGE:—

When the Judge is going to explain . . . you say you do not hear him but you do not let him finish, you do not let the witness utter the last word. I have to see that the jury hears what is admissible in evidence but if you do not let him finish he cannot answer, so please have more

With respect to the first error assigned, the record shows the following in the instructions to the jury. The trial court charged the jury thus: (Tr. Ev. 93)

"Ladies and gentlemen, section 238 of the Penal Code defines the crime of robbery in the following manner: 'Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force or fear.'

"Pursuant to the act it is an essential requisite of the crime of robbery that it be accomplished by means of force or fear. The violence used in accomplishing the taking in the crime of robbery does not imply force, that is to say, aggression. In a prosecution for robbery, once proof is made of the illegal act committed against the person and property of the victim, and of the connection of the accused with the commission of the same, the law presumes that the act was done with criminal intention, and it is incumbent on the defendant to introduce evidence from which there might arise a reasonable doubt as to the existence of that criminal intent or purpose, intent not being specifically an element of the crime of robbery. It is not necessary to allege or prove in a prosecution for said crime under an information for robbery, that the taking was accomplished by means of *violence* evidenced by the fact that the defendant assaulted a person but not that there existed any taking or that the assault was committed with the intention of taking any property from the injured person. It is sufficient to establish that the crime committed was that of assault and battery in any one of the two degrees included within the crime of robbery alleged in the information."

After instructing on assault and battery, the instructions continue as follows: (Tr. Ev. 95)

---

patience. If he is not responsive you address the Court and what you have done with the witness you want to do with me and that cannot be.
MR. PEDROZA:—
 Excuse me.
JUDGE:—
 They are outbursts of youth. Go on."

'"The defendant has alleged in that part of his evidence, which consisted of his own testimony, that he assaulted the victim in this case in self-defense because the victim attempted to assault him or was about to assault him with a knife. *If you believe beyond reasonable doubt and conclude that this defendant did not take the victim's pocketbook in this case,* but that he actually, as he says, assaulted him and that he assaulted him in self-defense, please pay attention to this, if, in your opinion, the taking of the pocketbook is eliminated and what exists is an assault, but since the defendant says that he assaulted him in self-defense because he was going to assault him with a knife, *you must consider which is the applicable law in our jurisdiction.* The person against whom any damage is intended may oppose the necessary resistance to prevent a crime against his person and a person who is attacked by another is not bound to flee or hide or run along the streets and ways in order to escape his aggressor." (Italics ours.) (Instructions on self-defense follow.) (Tr. Ev. 97.)

'"In the prosecution evidence has been presented in the sense that this defendant after assaulting the victim at the time of the occurrence and of the alleged taking of the pocketbook, left the premises *apparently fleeing.*[2] If you believe that that action of the defendant, if you give credit to that evidence, and after assaulting him and taking his pocketbook the defendant left the premises in the manner he did, it constitutes flight or escape and you should bear it in mind when considering the conduct of a person immediately after the crime has been committed or after having been accused of its commission. It is not sufficient in itself to establish his guilt, but it is a fact which once proved may be considered in relation to those circumstances and decide whether he is guilty or innocent." (Italics ours.)

 The foregoing instructions are somewhat confusing in their wording. It is correct that the crime of robbery is not one of those requiring a specific criminal intent to be established as a matter of fact. That is what we infer that the magistrate meant. It was thus established in *People v. Betancourt,* 66 P.R.R. 127, 129 (1946). But since in an

---

[2] These inferences should be made by the jury. There being direct evidence of the taking, it was not prejudicial in this case.

information charging robbery, if the taking is not proved although the personal violence is, the crime would be reduced to assault, the obscure instruction may lead one to infer that the magistrate informed the jury that they must believe beyond a reasonable doubt that the defendant had *not* taken the pocketbook from the victim. The opposite would be correct, that is, that the jury should establish beyond a reasonable doubt that the defendant had taken the pocketbook.

■ In spite of the observations made, considering all the instructions as a whole and especially the expressions made by the Magistrate at the close thereof as to what verdict could be brought in the light of what facts they deemed proved, it seems to us that the jury was duly instructed as to the fact that they could reach the conclusion, beyond a reasonable doubt, of the commission of a crime of robbery in this case, if the victim's pocketbook was taken while he was attacked by appellant. The fact of the victim's assault is not in controversy in the record. Appellant admits that he assaulted him, only that he made it in self-defense, and denied, of course, having accomplished the taking after the assault.[3] The jury believed, beyond question, the evidence of the taking.

---

[3] The facts, according to the prosecuting attorney, were that the victim and his wife's nephew were drinking at a place from 6:30 p.m. to about 12:00 midnight; that the nephew was going to pay and there being no change he asked the victim to give him change for a $5 bill; that the latter took out his pocketbook with $300 and when appellant, who was there also drinking, saw it he said that the pocketbook was "bursting." (Appellant in his testimony admitted having used this expression.) That about 12 the three of them left, all of them under the effect of the liquor and the victim quite drunk, and appellant who followed them, disappeared. Later he came out from behind some bushes, attacked the nephew with a club and disabled him, attacked the victim with the club and left him unconscious, and that then he took out the victim's pocketbook and went away with it..

The evidence for the defense accepted the assault, although in self-defense, and tended to show that the pocketbook might have been taken by the nephew, the only eyewitness, and his aunt, the victim's wife, who was taken to the scene of the crime by the former.

In the light of all the circumstances involved, the error concerning the instructions is not of such a nature as to warrant a new trial.

The judgment of conviction appealed from will be affirmed.

Mr. Justice Belaval did not participate herein. Mr. Justice Blanco Lugo concurs in the result.